**FILED**

## NOT FOR PUBLICATION

JUN 12 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL RAYMOND NIELSEN,<br><br>  Defendant - Appellant. | No. 06-10485<br><br>D.C. No. CR-05-00362-JMS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 7, 2007
Honolulu, Hawaii

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

Michael Nielsen appeals the district court's denial of his suppression

motion. He argues that the discovery of methamphetamine in his truck parked at

the Honolulu Airport was the fruit of an unconstitutional seizure and therefore

must be suppressed. We disagree with this contention and affirm the district court.

---

* This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

Although Nielsen argues on appeal that he was seized for Fourth Amendment purposes between the time that the police officers completed the search of his checked luggage at the baggage carousel and when they instructed him not to leave the taxi stand, he did not make this argument before the district court. The argument is thus waived. *See United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001).

In any event, the district court's finding that interaction between Nielsen and the officers was consensual until they instructed him not to leave the taxi stand is not clearly erroneous. During this period, the officers merely followed behind Nielsen through public sections of the airport and allowed Nielsen to take steps to leave the airport. "[T]aking into account all of the circumstances surrounding the encounter, the police conduct would [not] 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (quoting *Michigan v. Chesternut*, 486 U.S. 567, 569 (1988)). It does not matter whether the officers intended to allow Nielsen to leave the airport, so long as they did not communicate this intention to him. *See United States v. Woods*, 720 F.2d 1022, 1026 (9th Cir. 1983). Moreover, Nielsen asked at the taxi stand whether he was

*then* being detained, indicating his understanding that he was not detained before
that.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUL 0 5 2007

by: _Candiff_

Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
06-10485 USA v. Nielsen

UNITED STATES OF AMERICA          Michael K. Kawahara, Esq.
     Plaintiff - Appellee          808/541-2850
                                   Suite 6-100
                                   [COR LD NTC aus]
                                   USH - OFFICE OF THE U.S.
                                   ATTORNEY
                                   PJKK Federal Building
                                   300 Ala Moana Blvd.
                                   P.O. Box 50183
                                   Honolulu, HI 96850


     v.

MICHAEL RAYMOND NIELSEN            Pamela E. Tamashiro, Esq.
     Defendant - Appellant         808-528-3332
                                   [COR LD NTC cja]
                                   Penthouse 7
                                   707 Richards Street
                                   Ocean View Center
                                   Honolulu, HI 96813